```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
                 04-CV-5098(JMR/AJB)
```

Larry R. Wells                          )
                                        )
         v.                             )         ORDER
                                        )
Jo Anne B. Barnhart,                    )
Commissioner of Social Security         )


A Report and Recommendation was issued on February 9, 2006, by a Magistrate Judge of this Court recommending denying plaintiff's motion for summary judgment, and granting defendant's motion for summary judgment. Plaintiff's objections to the Report were timely filed.

Having reviewed the record de novo, the Court rejects the Report and Recommendation, and remands this case to the Commissioner for further consideration consistent with this Order.

I.  Factual Findings

The Court adopts the largest part of the Magistrate's factual findings, which it need not reiterate here. The dispute centers on the following facts as set out in the Report and Recommendation.

> Carl Malmquist, M.D., testified as a medical expert at the hearing on December 17, 2003. Dr. Malmquist is a licensed psychiatrist. The ALJ [Administrative Law Judge] asked Dr. Malmquist to 'give the Court [his] opinion as to what, if any, impairment [Plaintiff] suffers from, from a mental and psychological standpoint only.' Dr. Malmquist responded by stating
>
>> I don't think I can separate it from the prostate problem . . . I think the, they probably saved his life by the surgery, but he's left with some very severe side effects from it. And the three main ones are the ones

> he's elaborated on. I mean, this is a man who really, probably is incapacitated from working in any consistent way. He loses bowel and bladder control. He's going to the bathroom three times an hour on and on he's testified to that, and his sexual function is gone. I think he's trying to maintain that, on the best level, that somehow he can function some, but I think he is depressed because of it . . . I'm bypassing the drug, alcohol problem . . . testimony is at this point that he doesn't have any problems in the last six months on that . . . I would probably conclude, in a purely psychiatric sense, and, and there's, the diagnostic manual allows for depression related to physical illness. And we don't have an exact category like that, but I'd say that he probably has some symptoms related under 12.04, but it's hooked up with his physical condition. That's his major limitation.

The ALJ asked Dr. Malmquist 'on the 12.04, what A criteria do you see present.' Dr. Malmquist responded by stating 'It seems to me that he's lost interest in a lot of activities, decreased energy, just can't seem to get going on much. Sees his future in terms of vocational work as, if not overseverely handicapped. Those are symptoms, I think, connected with depression.'

When the ALJ asked Dr. Malmquist to describe any B criteria present, Dr. Malmquist responded

> I can't separate it from his physical condition. Judge, I think they're just intricately hooked up. Restriction of activities of daily living purely on depression, per se, I'd say that probably more mild to moderate. But if I hook it in, connect it with his very obvious physical condition and lump them, I'd say marked. And the same difficulty would hold for the social functioning, say strictly in depression. It's not a severe depression, but it's definitely hooked up with his physical incapacitation. Deficiencies of concentration and so on, I'd, I'd probably say mild episodes of deterioration.

> The ALJ asked Dr. Malmquist 'if [plaintiff] were to work, from a mental standpoint only, what, if any, limitations or restrictions would you place on him?' Dr. Malmquist responded 'Well, I think he'd have some trouble in terms of persistence in concentration because of his apprehension about where he is at this point in his life, and the future.' When asked by the ALJ if it would be appropriate to limit plaintiff to three or four step tasks, Dr. Malmquist agreed. When asked whether plaintiff had 'any limitation as far as contact with other people' Dr. Malmquist stated that in '[a] purely psychiatric sense, purely mental, no.' When the ALJ asked Dr. Malmquist 'So, if I put low stress environment with minimal industrial standards for production and pace, would that be appropriate?' Dr. Malmquist responded 'I'd agree, Judge.'

Magistrate Judge's Report and Recommendation at 14-15, as adapted (citations and footnotes omitted).

The ALJ issued her opinion on May 24, 2004, concluding that plaintiff did not meet the criteria for disability, and therefore, was not entitled to benefits under the Social Security Act. In reaching this conclusion, the ALJ considered Dr. Malmquist's statement that "considering [plaintiff's] physical and mental impairments [plaintiff] would be unable to tolerate full time employment," but gave it little weight. Tr. at 21.

The ALJ recognized that Dr. Malmquist is a licensed psychiatrist, but found his opinion regarding plaintiff's physical limitations unsupported by the record. She credited, instead, his opinion that plaintiff's psychological impairment, alone, results in only "mild to moderate limitations on social functioning with no work related limitations in this area . . .." Id.

3

II. <u>Analysis</u>

A court must examine the record and determine whether substantial evidence exists to support the ALJ's findings; if such evidence exists, the Court will affirm the ALJ's findings. <u>Haley v. Massanari</u>, 258 F.3d 742, 747 (8th Cir. 2001). Absent substantial evidence, a court ordinarily remands the case to the agency for further proceedings. <u>Buckner v. Apfel</u>, 213 F.3d 1006, 1011 (8th Cir. 2000). A court should examine the record and consider all evidence, including that which may detract from the ALJ's decision. <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951).

The Social Security Act requires consideration of "the combined effect of all of [the individual's] impairments without regard to whether any such impairment, if considered separately, would be of such severity." 20 C.F.R. § 404.1523. Here, the Court finds the ALJ failed to properly consider the combined effects of plaintiff's physical and psychological limitations.

The Court finds the ALJ's rejection of Dr. Malmquist's opinion concerning physical limitations is problematic. Certainly, Dr. Malmquist is a psychiatrist, but he is also a physician. He has not been the plaintiff's treating physician, but there is substantial record evidence demonstrating the plaintiff's physical condition. These observations lead the Court to conclude the ALJ's findings in these regards ought to be reconsidered.

4

Dr. Malmquist emphasized the interconnected nature of plaintiff's prostate problem and his mental condition. When she asked for his "opinion as to what, if any, impairment [plaintiff] suffers from, from a mental and psychological standpoint only," Dr. Malmquist responded by stating, "I don't think I can separate it from the prostate problem . . .." Her request that Dr. Malmquist "describe any B criteria present" elicited the statement that, "I can't separate it from his physical condition. Judge, I think they're just intricately hooked up." Dr. Malmquist went on to say:

> Restriction of activities of daily living purely on depression, per se, I'd say that probably more mild to moderate. But if I hook it in, connect it with his very obvious physical condition and lump them, I'd say marked. And the same difficulty would hold for the social functioning, say strictly in depression. It's not a severe depression, but it's definitely hooked up with his physical incapacitation.

These responses show plaintiff's physical and psychological problems to be inextricably linked. Under these conditions, the ALJ must consider the combined effect of the two ailments. <u>Delrosa v. Sullivan</u>, 922 F.2d 480, 484 (8th Cir. 1991). The Court finds the ALJ failed to do so.

Accordingly, the case is remanded for further consideration of the testimony of Dr. Malmquist. In particular, the Court directs the ALJ to consider testimony regarding the inter-relationship between plaintiff's physical limitations and his depression. The Court further directs the ALJ to determine whether the inter-

relationship between plaintiff's physical and psychological condition renders him eligible for benefits under the Social Security Act.

III. Conclusion

For the reasons set forth above, and based on a de novo review of the record, the Court rejects the Magistrate's Report and Recommendation [Docket No. 20]. Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for summary judgment [Docket No. 12] is denied.

2. Defendant's motion for summary judgment [Docket No. 17] is denied.

3. This case is remanded to the Administrative Law Judge for further proceedings consistent with this Order.

Dated:  July 12th, 2006

 s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge