UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Larry R. Wells, | Case No. 04-5098 (JMR/FLN) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Jo Anne B. Barnhart, Commissioner of Social Security, | |
| Defendant. | |

Leon A. Trawick for Plaintiff.
Lonnie F. Bryan for the Government.

## I. INTRODUCTION

**THIS MATTER** is before the undersigned United States Magistrate Judge on Plaintiff Larry Wells' motion for an award of attorney's fees and legal costs [#30] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $5,824.61.

Plaintiff asserts that he is entitled to an award of attorney's fees under EAJA because Plaintiff is the prevailing party in this case and because the Commissioner's position was not substantially justified. The Government does not dispute the fact that Plaintiff is the prevailing party, rather the Government opposes the motion on the grounds that the Commissioner's position on this matter was substantially justified.

## II. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") on August 3, 2000, and August 27, 2002, alleging he became disabled on Februauary 15, 2000, due to the post residuals of prostate

cancer, depression, and hepatitis C. The Social Security Administration denied both applications for DIB initially and upon reconsideration. Pursuant to Plaintiff's request, an administrative hearing was held before Administrative Law Judge ("ALJ") Diane Townsend-Anderson on December 17, 2003. On May 28, 2004, the ALJ issued an unfavorable decision denying him benefits. Plaintiff appealed the unfavorable ALJ's decision and on October 29, 2004, the Appeals Council denied his request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision in this matter.

On April 13, 2004, Plaintiff filed a Complaint with the District Court of Minnesota seeking judicial review of the final decision of the Commissioner denying his application for DIB. On August 5, 2005, the undersigned issued a Report and Recommendation, affirming the Commissioner's decision. See Report and Recommendation ("R&R") [ #20]. Plaintiff filed an objection to the R&R [#27]. Chief District Court Judge Rosenbaum rejected the R&R and remanded the case for further proceedings at the administrative level in an Order dated July 12, 2006 [#29]. Plaintiff's case was remanded because the District Court found it "problematic" that the ALJ rejected testimony from the neutral medical expert regarding the inter-relationship between the Plaintiff's physical limitation and depression. See District Court Order ("Order") [#29].

### III.  DISCUSSION OF LAW

**A.      Legal Standard for Fees under the EAJA**

28 U.S.C. § 2412(d)(1)(A) of EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA also sets forth requirements for requesting an award of costs and fees:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B). Furthermore, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id.* The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

"Party" under the EAJA means an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. *See,* 28 U.S.C. §2412(d)(2)(B). The Commissioner does not dispute that Plaintiff was a "prevailing party" within the meaning of the statute. Therefore, the determination of whether Plaintiff is entitled to a fee award under the EAJA depends upon whether or not the Commissioner's position was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

The Commissioner bears the burden of proving her litigation position was "substantially justified." *Id.; Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991). To establish substantial justification, the Commissioner must show that the denial of benefits had a reasonable basis in law and fact. *See Welter*, 941 F.2d at 676 (*citing Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988)). The test of whether the Commissioner's position was substantially justified requires a showing that

the position was "clearly reasonable, well-founded in law and fact, solid though not necessarily correct." *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). This means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorneys' fees. *Pierce,* 487 U.S. at 565. This inquiry involves an evaluation of the Commissioner's position both at the pre-litigation and litigation phases of the case. *See Iowa Express Distribution, Inc. v. NLRB,* 739 F.2d 1305, 1309 (8th Cir. 1984).

Fees are not to be awarded simply because the Commissioner loses the case. *See Welter*, 941 F.2d at 676. The Commissioner's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. *See id.; Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. *See Welter*, 941 F.2d at 676. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

*Id*. (internal citations omitted).

Because the standards are neither semantic nor legal equivalents, the Commissioner can lose on the merits of the disability question and win on the application for attorney's fees. *See id.*

**B.     Analysis of Entitlement to Fees Under EAJA.**

Plaintiff argues that the position of the Commissioner was not substantially justified because

the ALJ improperly rejected the opinion of the medical expert regarding Plaintiff's physical limitations. The ALJ found the record did not support the opinion of the neutral medical expert that, when the Plaintiff's physical and mental conditions were considered together, he is unable to maintain full-time employment. Order at 3. Plaintiff argues that the ALJ clearly acted contrary to the Social Security Act's requirement that the severity of the Plaintiff's impairment be considered by "the combined effect of all of the [Plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of such severity." 20 CFR 404.1523; Order at 5.

The Commissioner argues that the ALJ properly used her discretion to reject the part of Dr. Malmquist's opinion that was not supported by the record evidence. The ALJ made her final determination based upon the entire record evidence and explained the weight she gave to other medical sources. The ALJ did not refuse to consider the combined effect of all of Plaintiff's impairments, but rather found that the opinion of the neutral medical expert was not fully supported by all of the other record evidence.

The Commissioner's position that the ALJ properly rejected the opinion of Plaintiff's treating physician was substantially justified because a reasonable person would find that the Commissioner's position had a reasonable basis in law or fact. The Commissioner could reasonably take the position that the ALJ rejected Dr. Malmquist's opinion because it was not supported by the record evidence and not because the ALJ refused to consider the combined effect of all Plaintiff's impairments. Even though the District Court remanded this case for further consideration of Dr. Malmquist's opinion, the Commissioner's position was substantially justified. Therefore, Plaintiff is not entitled to fees under the EAJA.

### IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Larry Wells' motion for an award of attorney's fees and legal costs [#30] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) be **DENIED**.

DATED: February 12, 2007                                        *s/ Franklin L. Noel*
                                                                FRANKLIN L. NOEL
                                                                UNITED STATES MAGISTRATE JUDGE

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 2, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.