```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
                  04-CV-5098(JMR)
```

| | | |
|---|---|---|
| Larry R. Wells | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social | ) | |
| Security | ) | |

Plaintiff seeks an award of attorney's fees and costs.  The matter was referred to a Magistrate Judge, who issued a Report and Recommendation on February 12, 2007, recommending denying the motion.  Plaintiff's objection to the Report was timely filed, pursuant to Local Rule 72.2(b).

Based upon a de novo review, the Court declines to adopt the Report and Recommendation, and grants plaintiff's motion for attorney's fees and costs.

I.  Background

Plaintiff applied for disability insurance benefits in 2000 and 2002, alleging he was disabled in early 2000 due to the residual effects of treatment for prostate cancer, compounded by depression and hepatitis C.  The Social Security Administration denied each application.  Plaintiff requested an administrative hearing, which was held before an Administrative Law Judge ("ALJ") on December 17, 2003.  The ALJ issued her decision on May 28, 2004, denying benefits.

The ALJ based a portion of her decision on the testimony of Dr. Malmquist, a medical doctor and licensed psychiatrist.  Dr.

Malmquist testified to the extent of plaintiff's physical and emotional impairments. See Order, dated July 12, 2006 ("Order"), pp. 1-3. According to Dr. Malmquist, plaintiff's physical and psychological problems were inextricably linked, and his limitations, considered in combination, were marked. Id. The ALJ, however, pressed Dr. Malmquist for an opinion on plaintiff's psychological impairment taken alone. In response, Dr. Malmquist testified that plaintiff's depression was only mild or moderate. Id., p. 2. The ALJ's decision rejected Dr. Malmquist's testimony regarding plaintiff's combined limitations, and relied instead on the doctor's opinion concerning plaintiff's depression. Id., pp. 1-3. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his request for review. Thus, the ALJ's decision became the Commissioner's final decision.

Under 42 U.S.C. § 405(g), plaintiff filed a complaint in the District of Minnesota seeking judicial review of the Commissioner's final decision. On February 9, 2006, the Magistrate Judge issued a Report and Recommendation recommending affirming the Commissioner's decision. Plaintiff objected. By Order dated July 12, 2006, this Court rejected the Report and Recommendation and remanded the case for further administrative proceedings, holding that the ALJ erred in law by failing to properly consider the combined effects of plaintiff's physical and psychological limitations. See Order, pp. 4-5.

The Social Security Act requires that, when an individual seeking benefits suffers from two or more impairments, consideration must be given to their combined effect. See Order, p. 4. When the ALJ rejected Dr. Malmquist's testimony regarding the combined effects of plaintiff's physical limitations and depression, she improperly failed to apply that law. Id., pp. 4-5. The Court remanded, directing the ALJ to reconsider the doctor's testimony, and determine whether the combined effects of plaintiff's limitations rendered him eligible for benefits. Id., p. 5-6.

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, plaintiff now seeks to recover attorney's fees and costs he incurred appealing the ALJ's decision to this Court. Defendant does not contest the amount of the claim, but denies he is liable because his position was substantially justified.

II. Legal Standard

Under the EAJA, a prevailing party in a social security appeal is entitled to an award of attorney's fees, unless the Commissioner shows his denial of benefits was substantially justified. See 28 U.S.C. § 2412(d)(1)(A); Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991). This case raises the question of whether plaintiff is an EAJA prevailing party.

An EAJA prevailing party must have won a final judgment in a civil action appealing the Commissioner's decision. See Melkonyan

v. Sullivan, 501 U.S. 89, 94-97 (1991).  A simple remand alone is not equivalent to being a prevailing party, as the law does not consider every remand a final judgment.  Id. at 97-98.  Under 42 U.S.C. § 405(g), a federal court's social security remand order must fall within one of two exclusive categories, either a sentence-four or a sentence-six remand.  Pottsmith v. Barnhart, 306 F.3d 526, 527 (8th Cir. 2002) (citing Shalala v. Schaefer, 509 U.S. 292, 296 (1993)).  Only a sentence-four remand is considered a final judgment for EAJA purposes.  See Shaefer, 509 U.S. at 301-02.  Thus, the Court first must determine the type of remand encompassed by the Order.

Under sentence four of 42 U.S.C. § 405(g), a district court may issue a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for rehearing.  42 U.S.C. 405(g).  If a remand order is based on sentence four, the court does not retain jurisdiction over the matter.  Schaefer, 509 U.S. at 300.  This means the civil action is terminated, and the matter is sent to the administrative level for further proceedings.  Id. at 299.  Thus, a sentence-four remand is considered a final judgment in favor of the social security claimant, and the claimant is an EAJA prevailing party.  Id. at 300-302.

When premising an order on sentence six, the district court may remand a case to the Commissioner when either (1) the

Commissioner files a motion for remand before answering the claimant's complaint; or (2) when new material evidence has been introduced to the district court which, for good cause, had not been presented to the Commissioner in a prior proceeding. See Melkonyan, 501 U.S. at 99-100. A sentence-six remand calls for further development of the record, which then becomes available to the district court in making its final decision in the civil action. See id. at 98, 102. A sentence-six remand does not entitle a social security claimant to EAJA attorney's fees, unless and until a claimant is ultimately awarded social security benefits. See id. at 102.

The Commissioner bears the burden of proving his position was substantially justified in order to defeat a timely motion for EAJA fees. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003). "The standard is whether the [Commissioner's] position is 'clearly reasonable, well founded in law and fact, solid though not necessarily correct.'" Id. at 764 (quoting Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995)). The reasonableness inquiry requires examination of the Commissioner's position at both the pre-litigation and actual litigation phases of the case. See Iowa Express Distrib., Inc. v. Nat'l Labor Relations Bd., 739 F.2d 1305, 1309 (8th Cir. 1984). The mere fact that the Commissioner's position was ultimately found unsupported by substantial evidence is not alone dispositive; the

test is whether there was a reasonable basis in law and fact for the Commissioner's decision to deny benefits. <u>Welter</u>, 941 F.2d at 676.

III. <u>Analysis</u>

As an initial matter, the Court determines that its July 12, 2006 remand Order falls under sentence four of 42 U.S.C. § 405(g). The Court was compelled to remand plaintiff's claim because the ALJ failed to follow the applicable law in her decision against benefits. <u>See</u> Order, pp. 4-5. The Order instructed the ALJ to reconsider plaintiff's claim by applying the proper legal analysis to facts already in the record. This Court did not retain jurisdiction over the matter.

The remand Order falls completely beyond the scope of either scenario contemplated under sentence six of 45 U.S.C. § 405(g). The Commissioner clearly did not solicit remand prior to the decision, nor did the Court seek development of new facts prior to any decision-making.

The Court therefore finds plaintiff is a sentence-four EAJA prevailing party.[1] Accordingly, plaintiff's request for attorney's fees is timely, affording the Court subject matter jurisdiction over the merits.

The Court further finds the Commissioner has failed to meet

---

[1]The Court notes the United States does not deny that plaintiff's EAJA claim is ripe.

his burden to show substantial justification for his denial of benefits. In its July 12, 2006 Order, the Court found the Social Security Act and its administrative regulations required consideration of the combined effect of plaintiff's physical and psychological limitations. See Order, p. 4.  The ALJ failed to follow that law.  The Court finds the Commissioner's position in denying benefits, based on an incorrect application of the law, was neither clearly reasonable nor well founded in law and fact. See Friends of Boundary Waters, 53 F.3d at 885 ("[O]ur conclusion that the Chief's position was plainly contrary to existing law counsels so strongly against the conclusion that the Chief's position was substantially justified that it must determine the outcome."

  The Commissioner asks the Court to consider the Magistrate's Report and Recommendation recommending affirmance. From this fact, the Commissioner argues his position was reasonably based.  The Court categorically rejects this argument.  This Court has boundless respect for both the Magistrate's opinions and his erudition.  But the decision in this case never was, nor is it now, the Magistrate's.  That decision lay only, and solely, with this Court.  The Magistrate made a Recommendation, to be sure, but the fact that this Court chose to ask the Magistrate to do so will not be considered as a make-weight to support or excuse the Commissioner's failure to take a reasoned and lawful position.

  Indeed, on more than one occasion, the Eighth Circuit Court of

Appeals has found an administrative agency's position not substantially justified, even when the lower court and at least one Circuit Court judge voted to affirm the agency's decision. See Lauer, 321 F.3d at 764-65 (awarding plaintiff attorney's fees, despite the fact the district court and one dissenting appellate judge had affirmed the government's position); Friends of Boundary Waters, 53 F.3d at 884-85 (same).

This Court has found the ALJ failed to follow the applicable law in considering plaintiff's entitlement to benefits. A determination made contrary to existing law cannot be said to be well founded in law and fact. See Friends of Boundary Waters, 53 F.3d at 885. The Commissioner's position was therefore not substantially justified.

IV. Conclusion

Based upon a de novo review of the record herein, the Court declines to adopt the Magistrate's Report and Recommendation [Docket No. 39], and finds plaintiff entitled to an award of attorney's fees and costs. Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for an award of attorney's fees and legal costs [Docket No. 30] is granted.

2. Defendant shall pay plaintiff's attorney, Leon A. Trawick, attorney's fees in the amount of $5,674.61, and costs in the amount of $150.00.

3. Pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Commissioner of Social Security, is substituted as the named defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 13th, 2007

                                             s/ James M. Rosenbaum
                                             JAMES M. ROSENBAUM
                                             United States Chief District Judge